IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN C. BARNES,
    Plaintiff,

vs.                      No.   3:07cv294/MD

ESCAMBIA COUNTY SHERIFF
DAVID MORGAN,
    Defendant.
_____

## ORDER

After receiving a favorable jury verdict, defendant Sheriff Morgan filed a motion for attorney's fees (doc. 109) to which plaintiff has responded. (Doc. 113).

Defendant seeks attorney's fees pursuant to 768.79, Florida Statutes and Fla.R.Civ.P. 1.442. Counsel also cites Fed.R.Civ.P. 54(d)(2) and Local Rule 54.1, although she notes that because the fee award would arise out of Florida law, it was "unclear" to her whether these Rules applied to the instant motion. (Doc. 109 at 1 n.1 and p.4 n.5).

Section 768.79, captioned "Offer of judgment and demand for judgment," provides in pertinent part:

> **(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, . . .**

. . .

**(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:**

**(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served . . .**

Section 768.79 applies to civil actions filed in federal courts located in Florida. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008). Furthermore, the federal offer of judgment rule, Fed.R.Civ.P. 68, does not preempt section 768.79. *Id.* at 1152.

Plaintiff does not dispute the application of § 768.79, Florida Statutes, to this case, the number of hours claimed by the defendant's attorney, or the claimed hourly rate, discussed below. However, he asks that the court not award any attorney's fees "in the interests of equity, fairness and justice." He cites section 768.79(7)(a), Florida Statutes, which provides that if an offer of judgment was not made in good faith, the court may disallow an award of costs and attorney's fees. Plaintiff further urges the court to examine section 768.79(7)(b), Florida Statutes which provides:

**(7)(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:**

**1. The then apparent merit or lack of merit in the claim.**

**2. The number and nature of offers made by the parties.**

**3. The closeness of questions of fact and law at issue.**

**4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.**

*Case No: 3:07CV294/MD*

**5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.**

**6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.**

Plaintiff maintains that the claim and lawsuit filed by him had "substantial merit," notwithstanding the jury's contrary finding. Plaintiff repeatedly mentions the fact that he sustained property damage and medical bills as a result of the accident. (Doc. 113 at 5, 8). He notes that he believed that the accident was not his fault based on the fact that he was not issued a citation and that Deputy Delay sent a letter and gift certificate to plaintiff and to the driver of the second vehicle involved in the accident expressing sorrow and apology "for causing"[1] the accident. He also notes it was not until nearly four years after the accident, at the deposition of Deputy Michael Delay, that counsel for the sheriff first suggested that the plaintiff could have been the sole cause of the accident. (Doc. 113 at 6-7). Despite plaintiff's belief in the merit of his case, the jury obviously did not share his view in rendering a verdict for the defendant.

Plaintiff also asserts that the single offer of judgment in the amount of $1,500.00 made by the defendant four years after plaintiff filed his claim via the administrative process was lacking in good faith. His basis for this belief is because the defendant's offer would have been "woefully inadequate to even begin to satisfy the plaintiff's out-of-pocket costs related to this matter."[2] Plaintiff's argument totally disregards the issue of liability. Defendant is not required to satisfy any of plaintiff's out-of-pocket costs if he is found not to be liable. Whether the plaintiff is in debt for $10,000 or some other amount is irrelevant to the defendant, absent a finding that

---

[1] Plaintiff's characterization of Deputy Delay's letter as an admission that he "caused" the accident is not an accurate representation of contents of the letter.

[2] Plaintiff also notes that he rejected a $500.00 offer made at the mediation. (Doc. 113 at 7).

defendant is liable for his damages. Had plaintiff accepted the offer of judgment, which he now characterizes as unsatisfactory, at least a portion of his claimed costs and expenses would have been offset.

Next, plaintiff dismissively concedes that the defendant "simply prevailed at trial," and argues that the defendant "should not now be able to reach back and place further financial hardship and burden upon the plaintiff herein." (Doc. 113 at 7). This argument ignores the reality that plaintiff was the one who brought a suit that the defendant had no choice but to defend, as well as the fact that the jury found, through its verdict, that the defendant did not place financial hardship and burden upon the plaintiff.

Plaintiff also posits that the dispute between the parties "had the closeness of questions of fact and law at issue" that would allow the court to use its discretion in denying the defendant's request for attorney's fees. § 768.79(7)(b)3, Florida Statutes. He agrees that the court is in the best position to determine the closeness of the issues of fact and law. The court notes that the jury as factfinder apparently did not find the issues of fact to be so close, as the verdict was returned in open court less than an hour after the jury retired to deliberate. (Doc. 97 at 2).

Finally, plaintiff argues that because the offer of judgment was not forwarded to him until almost the "eve of trial," the defendant suffered no real prolonging of the litigation by the plaintiff's refusal to accept the $1,500 offer of judgment. Section 768.79(7)(b)6 appears to address both temporal and monetary hardship from prolonging the litigation. While the trial was held only four months after the officer of judgment, it is obvious that fees of some significance were incurred, as it is those fees that are the subject of the instant motion.

Although the entitlement to fees arises out of Florida law and it would appear that an award of fees is appropriate, the court's inquiry does not end there. There are certain procedural requirements that a fee-seeking party must follow in

accordance with the Local Rules of this court.  Local Rule 54.1(B) provides as follows:

> (B) Attorneys' Fees Records.  In any proceeding in which any party is seeking an award of attorneys' fees from the opposing party *pursuant to any statute, contract or law*, the party seeking such an award of attorneys' fees shall:
>
> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
>
> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
>
> (3) If claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual and filed as specified below, together with the hourly rate at which such person is actually reimbursed.
>
> . . .
>
> (5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted time period.

N.D. Fla. Local Rule 54.1. (Emphasis added).

Appended to defendant's motion are two notices of filing summary of attorney hours encompassing the period from the date of the offer of judgment, November 15, 2008, through March 13, 2009, the date of the instant motion.[3]  Counsel's submissions, except for as they pertain to work done in the month of February, are untimely.  Even to the extent any of the reported hours were timely submitted, the notices do not comply with the requirements of the Local Rules, as set forth above.

---

[3] Counsel indicates that the time records were not previously submitted due to her uncertainty about whether Florida law or the Local Rules governed.  (Doc. 109 at 4 n. 5).  There is nothing unclear about the Local Rules, quoted above.  No other attorney time records were submitted in this case.

*Case No: 3:07CV294/MD*

**The total number of hours reflected in the summaries is 154.9 hours, but the time is not broken down into attorney vs. paralegal time or otherwise explained in any way, as required by Local Rule 54.1(B)(1) and (3).[4]  Therefore, pursuant to Local Rule 54.1(B)(5), the defendant's request for fees will be disallowed.**

**Accordingly, it is ORDERED:**

**Defendant's Sheriff's motion for Attorney's Fees (doc. 109) is DENIED.**

**DONE AND ORDERED this 2nd day of April, 2009.**

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

---

[4] The reported time was separated into four periods: from 11/15/08-12/15/08, 12/16/08-1/15/09, 1/16/09-2/15/09, and 2/16/09-3/13/09.  The ten hours logged in the last time period were clearly logged after trial.

*Case No: 3:07CV294/MD*